Statement oe the Case.
This was an action of replevin brought to recover possession of plaintiff’s property, certain jewelry alleged to have been illegally taken and detained by the defendant. The return upon the writ stated that the goods were eloigned. The facts were as follows : In the absence of the plaintiff, his wife, who had, without his knowledge or consent, gotten possession of the property sued for, pawned the same with a certain Wm. Kiskadden, as a security for money loaned. *418 Some time afterwards Kiskadden placed, them with tbe defendant as collateral security for money'-advanced on a promissory note. Defendant took the property believing it to be the property of Kiskadden. Some time afterwards Kiskad-den paid the note, and the jewelry was returned to him. Plaintiff in the meantime had ascertained that ^defendant was in possession of the property, and brought this section of replevin ; but not, however, until after the goods hM been returned by the defendant to Kiskadden. 'x
Benj. J. Darneille for plaintiff.
Hagner & Maddox for defendant.
The above facts being in evidence, the court instructed, the jury that “if they believed from the evidence that the defendant received the property from Kiskadden for a temporary purpose, to wit, as security for money loaned by defendant to said K., without fraudulent purpose toward the plaintiff, or circumstances to put him on inquiry, and after-wards returned the goods to K, before this suit was brought and without notice from plaintiff that the goods were his, then they must find for defendant.” .
Verdict and judgment for defendant.
On exceptions to the instructions of the court the cause was taken to the General Term where, after healing, the-judgment was affirmed.